United States District Court
Middle District of Florida
Jacksonville Division

**DAVID LABEUR MATTHEWS,**

    *Plaintiff,*

v.                    NO. 3:21-CV-285-MMH-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Report & Recommendation

On March 13, 2021, David Matthews filed a complaint challenging the Acting Commissioner of Social Security's denial of his application for benefits. Doc. 1. He has filed no proof of service of process or waiver of service of process.

On August 23, 2021, the Court ordered Mr. Matthews to show cause by September 7, 2021, why the case should not be dismissed for failure to prosecute. Doc. 5. The Court warned him, "Under Local Rule 3.10, failure to show satisfactory cause could result in a dismissal of this case, which could result in a bar to relief in light of the 60-day limitation period for seeking review of the Commissioner's decision under 42 U.S.C. § 405(g)." Doc. 5 at 1.

Mr. Matthews has not responded to the order to show cause, and the time for doing so has passed.

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a

district court has inherent power to sua sponte dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *accord Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Local Rule 3.10 adds, "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Dismissal with prejudice is warranted if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Six months have passed since Mr. Matthews filed the complaint. He has not prosecuted the action, demonstrated due diligence and just cause for delay, or complied with the order to show cause. Doc. 5. This establishes a clear record of delay. I recommend dismissing the case, which equates to a dismissal with prejudice considering the 60-day limitation period.*

**Entered** in Jacksonville, Florida, on September 10, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.